UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-8234-CIV-DIMITROULEAS

FRANK H. SIMPSON and
ANGELINA L. SIMPSON,
On Behalf of Themselves and
All Others Similarly Situated,

    Plaintiffs,

vs.

NEW ENGLAND INTERNATIONAL
SURETY, INC.,

    Defendant.
_____/



## DEFAULT FINAL JUDGMENT

THIS CAUSE is before the Court upon Plaintiffs' Motion for Entry of Default Judgment [DE 52-1] and Plaintiffs' Request for an Award of Costs [DE 52-2], filed herein on January 3, 2003. The Court has carefully considered the motion and accompanying affidavits and exhibits, the entire file of this case including Plaintiffs' complaint and exhibits, acceptance of service by the Defendant [DE 3], entry of default by the Court against defendant [DE 46], and the failure of Defendant to respond to the instant motion.[1]

Plaintiffs move this Court for an entry of final default judgment in the amount of $133,692,809.55 in damages. In addition, Plaintiffs seek an award of prejudgment interest at the rate precribed by 28 U.S.C. § 1961 on the date the lawsuit was served[2] (6.24%), which amounts

---

[1] Plaintiffs' Motion for Entry of Default Judgment was served on Defendant by mail at the proper address in Belgium. Defendants have been allowed several weeks to respond due to their location overseas.

[2] 15 U.S.C. § 77l provides that any person committing the acts set forth in that action shall be liable to the person who purchased the security at issue who may recover the consideration paid for such security with interest thereon. Where the federal statute does not provide an



to a total of $22,716,684.93 in prejudgment interest . Finally, Plaintiffs seek an award of $2,864.00 in costs.

Plaintiffs' list of costs found at Exhibit 2 to John A. Yanchunis' Affidavit in Support of Motion for Final Default Judgment includes charges for the following: (1) long distance (both fax and telephone); (2) Federal Express; (3) legal research; (4) photocopies; (5) travel expenses; (6) filing fees paid to the Clerk of District Court, Louisiana; and (7) court reporter for the deposition of Jean Noel Pineau.

Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A Court may not tax as costs any items not included in the cost statute. See Crawford Fitting Co, 482 U.S. 437, 445 (1987); Royal Palace Hotel Assocs. Inc. v. Int'l Resort Classics, Inc., 178 F.R.D. 595, 602-603 (M.D. Fla. 1998) (holding travel and telephone expenses not properly taxable as costs); DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 240 (N.D. Ga. 1993) (disallowing travel expenses as taxable costs); Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 480 (N.D. Ga. 1995) (disallowing long distance telephone charges as taxable costs);

---

interest rate, the rate of prejudgment interest is committed to the discretion of court. See Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59, 63 (3rd Cir. 1986). In exercising that discretion, the court may be guided by the rate set out in 28 U.S.C. § 1961, which governs post-judgment interest. See id.

2

Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir.1996) ("Plaintiff's affidavits appear to include costs such as general copying, computerized legal research, postage, courthouse parking fees and expert witness fees, which are clearly nonrecoverable.").

Further, Plaintiffs fail to explain why the deposition of Jean Noel Pineau and the photocopies in their list of costs were necessarily obtained for use in the case. Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 666 (M.D. Ala.1999) (depositions must have been necessarily obtained for use in the case in order to be taxable); Brewer-Giorgio v. Bergman, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997) (finding that the party seeking recovery of costs "must come forward with evidence showing the nature of the documents copied including how they were used or intended to be used in the case") ; see also Holmes v. The Cessna Aircraft Co., 11 F.3d 63, 64 (5th Cir. 1994) ("the party seeking such costs must offer some proof of the necessity"). Finally, Plaintiffs fail to explain why filing fees paid to the Clerk of District Court in Louisiana are taxable costs in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Entry of Default Judgment [DE 52-1] is hereby **GRANTED;**
2. Plaintiffs' Request for an Award of Costs [DE 52-2] is hereby **DENIED.**
3. Judgment is hereby entered in favor of Plaintiffs Frank H. Simpson and Angelina L. Simpson and the class certified by this Court, and against Defendant New England International Surety, Inc., upon the complaint and exhibits herein;
4. Plaintiffs shall recover of the defendant the sum of $154,409,494.48, consisting of $131,692,809.55 in damages and $22,716,684.93 in prejudgment interest, in accordance with the supporting documentation attached as Exhibit A to Plaintiffs' Motion for Entry

of Default Judgment;

5. This judgment of $154,409,494.48 shall bear interest at the rate of 1.30% per annum from the date of this Final Judgment, for which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _20_ day of February, 2003.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies forwarded to:

Timothy Krantz, Esq.

New England International Surety, Inc.
c/o Hendrick Rienstra
Omne Bulding
11, Avenue Lloyd George
1000 Brussels   BELGIUM